BILLING, (SMITH v.) See Case No. 13.014.

BILLINGS, (RUDDICK v.) See Case No. 12,110.

BILLINGTON, (BARNES v.) See Case No. 1,015.

## Case No. 1,409.

BILLS v. NEW ORLEANS, ST. L. & C. R. CO.

[13 Blatchf. 227.] [1]

Circuit Court, S. D. New York. Jan. 6, 1876.

REMOVAL OF CAUSES — STATE PRACTICE—WRITS—ATTACHMENT.

1. An action at law commenced in a state court by summons and complaint was removed into this court before issue joined. Before removal, an attachment had been issued in the suit, according to the law of the state, and a reference made to take the deposition of a witness to be used on a motion in the suit. After removal, the defendant entered a rule in this court requiring the plaintiff to declare, and the plaintiff entered a rule in this court requiring the defendant to plead. The plaintiff now moved to set aside the first rule, and the defendant moved to set aside the second rule, and the plaintiff also moved for leave to proceed in the reference so made and pending, in accordance with the statute of New York: *Held*, that all three of the motions must be granted.

[Cited in Rosenbach v. Dreyfuss, 1 Fed. 395; Bryant v. Leyland, 6 Fed. 127.]

2. As a complaint had been put in in the state court, no further pleading on the part of the plaintiff was necessary. Nor was there any occasion for the plaintiff to enter a rule to plead against the defendant, there being no such practice in the state court.

[Cited in Oscanyan v. Winchester Repeating Arms Co., Case No. 10,600.]

3. The provisions of sections 646. 914, and 915 of the Revised Statutes of the United States, and of sections 4 and 6 of the act of March 3, 1875, (18 Stat. 471. 472,) show an intention to secure in each state one method of procedure in all common law cases, and to attain that result by adopting, in general, the procedure of the state courts in the respective states.

[Cited in Central Trust Co. v. South Atlantic & O. R. Co., 57 Fed. 10.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

4. The distinction between law and equity is preserved, both in substance and in procedure, and the provisions of positive statutes of the United States are not invaded; but, in the absence of such provisions, the state practice prevails.

[At law. Action by Orrin A. Bills against the New Orleans, St. Louis & Chicago Railroad Company. Motions by both plaintiff and defendant. Granted.]

Lucius E. Chittenden, for plaintiff.
Francis N. Bangs, for defendant.

JOHNSON, Circuit Judge. This cause was commenced by summons and complaint in the supreme court of the state of New York. An attachment was obtained in the case according to the law of the state, and, in the course of the proceedings to render the attachment effectual, a reference was made to Mr. Edsall to take the affidavit or deposition of one Kelly, to be used on a motion in the action. While this reference was pending, the action was removed, on the application of the defendant, to this court. The action was founded upon a claim at law, as distinguished from equity, and had not reached an issue when it was removed, no answer having been put in.

As a complaint had been put in in the state court, no further pleading on the part of the plaintiff was necessary, and there was, consequently, no occasion for entering a rule requiring him to declare. That rule, taken by the defendant, must be set aside.

On the same ground, there was no occasion for the plaintiff to enter a rule to plead against the defendant; for, in that respect, also, the practice in the circuit court must be conformed to that in the state court, in obedience to section 914 of the Revised Statutes. That rule must, also, be set aside.

The plaintiff further asks for an order of this court in respect to the attachment proceedings and the reference ordered therein, pending which the cause was removed to this court. Several provisions of the statutes of the United States bear upon this question. In addition to the provisions of section 914 of the Revised Statutes, by which the practice, pleadings, and forms and modes of proceeding in the state courts, as they may exist from time to time, are adopted, to govern in the circuit and district courts, in civil causes other than equity and admiralty, the next section (915) contains a distinct rule in respect to attachments. By that section, in common law causes, the plaintiff is entitled, in the circuit and district courts, to similar remedies, by attachment or other process against the property of the defendant, as were then provided (June, 1872, 17 Stat. 197, [§ 6,]) by the laws of the state in which those courts were held, for the courts thereof. It was further provided, that, from time to time, (in the future,) the circuit and district courts might, by general rules, adopt such state laws as might be in force in the states where they should be held, in respect to attachments and other process against the property of defendants. But it was provided that similar preliminary affidavits or proofs, and similar security to that required by the state laws, should be furnished by the party.

In addition to these provisions, which relate to attachments sued out in the United States courts, there are special provisions as to attachments procured in the state courts in causes afterwards removed into the circuit courts of the United States. Thus, section 646 of the Revised Statutes provides, that "any attachment of the goods or estate of the defendant, by the original process, shall hold the same to answer the final judgment, in the same manner as, by the laws of such state, they would have been held to answer final judgment had it been rendered by the court in which the suit was commenced." This section, the construction of the latter part of which is rendered difficult by the substitution of the word "state," probably, for "United States," is followed, in the act of March 3, 1875, (18 Stat. 471, § 4,) by the provision, "that, when any suit shall be removed from a state court to a circuit court of the United States, any attachment or sequestration of the goods or estate of the defendant, had in such suit in the state court, shall hold the goods or estate so attached or sequestered, to answer the final judgment or decree, in the same manner as, by law, they would have been held to answer final judgment or decree, had it been rendered by the court in which such suit was commenced, * * * and all injunctions, orders, and other proceedings, had in such suit, prior to its removal, shall remain in full force and effect until dissolved or modified by the court to which such suit shall be removed." Section 6 of the same act likewise provides, that the circuit court shall, in all suits removed under the provisions of that act, proceed therein as if the suit had been originally commenced in the circuit court, and the same proceedings had been taken in such suit, in said circuit court, as shall have been had therein in such state court, prior to its removal. Taking all these provisions together, I think it plain, that it is the intention of the law making power, as disclosed by the direction for conformity, in respect to attachments in original suits, to the laws of the states, by the direction to proceed in removed suits as if they had been originally begun in the circuit court, and as if what had been done in the state court had taken place in the circuit court, and by the other provisions which have been referred to, to secure, in each state, one method of procedure in all common law cases, and to attain that result by adopting in general the procedure of the state courts in the respective states. If this view is not allowed to govern, then I fail to see how the clear indications of the legislative will in respect to

attachments are to be carried out. If it does govern, then the practice and procedure of this court is as well defined as that of the state court, and can be applied in practice by the body of the profession, which has been bred up in the state practice as it now exists, and is, to a great degree, ignorant of that practice which preceded it. Of course, the distinction between law and equity is preserved, both in substance and in procedure, and the provisions of positive statutes of the United States are not invaded; but, in the absence of such provisions, the state practice prevails.

Entertaining these views, I am of opinion that the plaintiff is entitled to proceed in the reference pending when the cause was removed, in accordance with the laws of New York in that behalf; and that the order asked for in that respect should be granted.