### Bryant v. Leyland and others.

*(Circuit Court, D. Massachusetts. March 1, 1881.)*

1. PRACTICE—FILING INTERROGATORIES—BILL OF DISCOVERY.
     Under the federal practice act, interrogatories, authorized by a state statute, may be filed in a federal court, in an action at law, in lieu of a bill of discovery.

2. SAME—CUMULATIVE REMEDY.
     Such remedy is cumulative merely, and not adopted as a substitute or a bill of discovery.

3. SAME—DISCOVERY—ORAL TESTIMONY—REV. ST. § 861.
     Section 861 of the Revised Statutes, which declares that the mode of proof in actions at common law shall be by oral testimony, does not refer to discovery, whether by bill or interrogatory.—[ED.

Action at Law. Motion that defendants be required to answer certain interrogatories, filed in the clerk's office, in accordance with the practice of the state.

*T. F. Nutter*, for plaintiff.

*L. S. Dabney*, for defendants.

LOWELL, C. J.   In this action at law a motion is made that the defendants be required to answer certain interrogatories, filed in the clerk's office, in accordance with the practice of the state.   Gen. St. c. 129, §§ 46–57.   The cheap and easy substitute for a bill of discovery, which was adopted in Massachusetts in 1852, has proved to be useful, and the question is whether it is now part of the practice of the circuit court, by virtue of Rev. St. § 914.   Another statute of the state, of still greater value, and much older, but later than the year 1780, when we first adopted the state practice, authorizes a court of law to appoint auditors in certain cases, and makes their report evidence.   If these equitable powers, given to courts of common law, are not adopted, the circumstance is to be regretted; but the question seems to be a very doubtful one.

Speaking generally, the method of obtaining evidence to be used at a trial would be a part of the practice and modes of proceeding of the courts.   It is so understood by congress, which gives the supreme court power to prescribe such modes of obtaining evidence and discovery as it may see fit, not inconsistent with any statute.   Rev. St. § 917.   This provision seems to me to weaken very much the argument so ably presented by Judge Dyer in *Easton* v. *Hodges*, 7 Biss. 324, that the legislation of congress is intended to cover the whole subject of evidence, and to exclude it from the domain of practice altogether.   With much of that able opinion I agree, and I have no doubt that the decision in that case was sound.   The adoption of the state practice is not intended to affect the courts of the United States, sitting in equity, in the slightest degree.   There is no doubt that discovery is a branch of equity, and it follows that a cheap and easy substitute for a bill of discovery cannot take away the right of a suitor to file such a bill, if he is foolish enough to desire to do so.   So of auditors : they are a convenient substitute for a bill in equity, and the power to appoint them in an action at law cannot deprive a plaintiff of the right to go into equity for an account. All this being granted, I am of opinion that when the state has enlarged the powers of the courts of law by giving them

some new writs or processes or forms or modes of proceeding or practice by which suitors can, if they see fit, obtain in a suit at law some of the advantages for which they must formerly have gone into equity, such forms are adopted by our practice act, not as substitutes, but as cumulative remedies for the benefit of such suitors as choose to avail of them.

I am not speaking of new subjects brought within the cognizance of courts of law, but of facilities for arriving at justice in matters clearly within the jurisdiction of such courts.

Upon this point I agree with the late Judge Johnson in *Bliss* v. *New Orleans R. Co.* 13 Blatchf. 227, a case closely analogous to the appointment of an auditor.

I agree that there must be nothing in the practice inconsistent with any statute. Therefore, if the state practice were that a deposition might be taken if a witness lives 20 miles from the place of trial, and the act of congress says 40 miles, the latter must prevail. So, as to the production of books and papers, the statute seems to me to assign the limits to our powers, (Rev. St. § 724;) and the practice act was not intended to interfere with this.

The practice act of 1872, § 5, (17 St. 197,) provided that nothing in that act should alter the rules of evidence under the laws of the United States. In re-enacting this section, this proviso has been dropped, and is not to be found anywhere in the Revised Statutes. The reason for omitting it may be assumed to be that the rules of evidence are no part of the practice, or forms or modes of proceeding, as they certainly are not in general, though the mode of obtaining evidence is. Still, that proviso was ruled by me, in a very important case, to have this effect: that if the practice of appointing auditors in an action at law had been adopted, as I should have inclined to think it had been, still, their report would not be *prima facie* evidence, in accordance with the statute of the state, and therefore there was no use in appointing an auditor. That proviso having disappeared, it is thought, by Judge Nelson and by me, that we have power to appoint an auditor in an action at law, and that his report

will be evidence. And we are further of opinion, that the statute power to file interrogatories, excepting for the production of books and papers, may be used instead of a bill of discovery. Section 861 of the Revised Statutes, declaring that the mode of proof in actions at common law shall be by oral testimony, does not appear to us to refer to discovery, whether by bill or interrogatory.

Motion granted.