## RECTOR'S CASE.

*(Circuit Court, D. Arkansas. July, 1881.)*

1. ACT OF MARCH 3, 1877—EFFECT TO BE GIVEN TO THE DECISION OF THE COMMISSIONERS.

 The decision of the commissioners, appointed under the provisions of the act of congress of March 3, 1877, entitled "An act in relation to the Hot Springs reservation in Arkansas," is in the nature of a final adjudication, and one binding upon the parties, so far as it pertains to matters specified in the act.

McCrary, C. J. Two questions have been discussed by counsel in this case, to-wit: *First.* Whether the decision of the commissioners appointed under the provisions of the act of Congress of March 3, 1877, entitled "An act in relation to the Hot Springs reservation in Arkansas," upon questions of law and fact submitted to them, in accordance with the terms of the act, is in the nature of a final adjudication, and conclusive upon the parties. *Second.* Whether, assuming that this court may pass upon the correctness of the decisions of that commission, the same ought, upon the merits, to be declared erroneous and set aside.

The act of March 3, 1877, deal with the Hot Springs reservation as a part of the public lands of the United States, but at the same time it provided, as we shall see, for ascertaining and protecting the right of occupants and claimants with respect to improvements. The act provided for the appointment, by the president, of three discreet, competent, and disinterested persons, who shall constitute a board of commissioners, with authority to perform and discharge the duties specified by the act. The commissioners were required to take and subscribe the usual oath for civil officers, to sit at the springs, to give notices of their meetings, and to organize by electing one of their number as chairman. The fifth and sixth sections of said act are as follows:

"Sec. 5. That it shall be the duties of said commissioners to show, by metes and bounds on the maps herein provided for, the parcels or tracts of lands claimed by reason of improvements made thereon, or occupied by each and every such claimant and occupant on said reservation; to hear any and all proof offered by such claimants and occupants, and the United States, in respect to said lands, and in respect to the improvements thereon; and to finally determine the right of each claimant or occupant to purchase the same, or any portion thereof, at the appraised value, which shall be fixed by said commissioners: provided, however, that such claimants and occupants shall file their claims, under the provisions of this act, before said commissioners, within six calendar months after the first sitting of the said board of commissioners, or

their claims shall be forever barred; and no claim shall be considered which has accrued since the twenty-fourth day of April, 1876.

"Sec. 6. That the said commissioners shall have power to compel the attendance of witnesses and the production of papers touching the occupancy or improvements of or on said lands, or any other matter in anywise belonging or appertaining either to the said lands or the improvements thereon; shall have power to examine, under oath, all witnesses that shall come before them, and all testimony shall be reduced to writing and preserved, as hereinafter provided."

Counsel for complainant have insisted in argument that the decisions of the commission are of no higher character than those of the officers of the land department, which may be set aside by a court of competent jurisdiction, on the ground of fraud, mistake, or misconstruction of the law. *Moore* v. *Robbins*, 96 U. S. 530; *Johnson* v. *Towsley*, 13 Wall. 91. But it is manifest that congress intended to clothe this tribunal with extensive judicial powers. There is a broad distinction between its functions and those of the officers of the other branch of the executive departments referred to. The usual powers of a court of justice were conferred upon the commission. It was to organize by electing a presiding officer, and to give notice of its sessions. Parties claiming the right to purchase any portion of the lands were required to appear before it. It was clothed with power to compel the attendance of witnesses and to administer oaths; and it was to "finally determine the right of each claimant or occupant to purchase the same (the land) or any portion thereof at the appraised value." It is not to be supposed that congress created this commission and clothed it with all these powers merely for the purpose of creating it to perform the ministerial functions usually devolving upon an officer of the land department. The language of the act and the surrounding history and circumstances alike forbid such an interpretation. It was time to have an end to controversy. For half a century the courts and legislatures of states and nation have been vexed with this dispute. The questions of title have been finally settled. Congress resolved through the commission to have a final settlement of all questions as to improvements and the right to purchase the title; and so it was provided that the commission should "finally determine" these questions. This language, when applied to a special tribunal, must be held to mean a final determination in the absolute sense, although similar language, if applied to officers of the land department, might be final only so far as departmental action is concerned. The rule of law above stated, relied upon by counsel for

complainants, therefore, *does not apply.* The following rule does apply: "Where the law has confided to a special tribunal the authority to hear and determine certain matters, the decision of that tribunal, within the scope of its authority, is binding upon all parties." *Johnson* v. *Towsley,* 13 Wall. 83; *Lytle* v. *Arkansas,* 9 How. 333; *Boatner* v. *Ventress,* 8 Martin, N. S. (La.) 330. I am clearly of the opinion that the proceedings before the commission were in their nature judicial; that its jurisdiction, though limited and special, was plenary with respect to the particular matters specified in the act; aud that its decisions upon those matters is an adjudication which cannot be attacked in the present proceedings. This conclusion disposes of the demurrer, independently of the question whether the commission erred in its decision upon questions of law. I am, however, of the opinion that the statute authorizes the finding.

Demurrer sustained.