UNION ASSOCIATED PRESS v. TIMES PRINTING CO.

BREWER v. SAME.

(Circuit Court, S. D. New York.   October 1, 1897.)

1. FOREIGN CORPORATIONS—SERVICE OF PROCESS—MANAGING AGENT.
   In determining whether an agent of a foreign corporation upon whom federal process is served is a "managing agent" of the corporation, within the meaning of a state statute providing for such service, the court will give full consideration to decisions of the state court construing the statute.

2. SAME—STATE STATUTES.
   The New York statute providing that service of process upon a foreign corporation can be effected by serving a resident managing agent, only when the corporation has property in the state (Code Civ. Proc. § 432), applies to service of process by a federal court sitting in the state.

These were actions at law, brought, respectively, by the Union Associated Press and William S. Brewer against the Times Printing Company. The cases were heard on a motion to set aside a service of process.

Leopold Wallach, for the motion.
H. H. Walker, opposed.

LACOMBE, Circuit Judge. These actions, brought in this court, were begun by service of the summons on an individual who is concededly not an officer of defendant. Defendant, however, is a foreign corporation, and it is contended that the person served is its "managing agent" here. It is useful, in all cases, to consult the careful opinion in U. S. v. American Bell Tel. Co., 29 Fed. 17, and to restate the three conditions which it is there said must concur or co-exist in order to give the federal courts jurisdiction in personam over a corporation created in another state:

"(1) It must appear as a matter of fact that the corporation is carrying on its business in the state where it is served with process; (2) that such business is transacted or managed by some agent or officer appointed by and representing the corporation in such state: and (3) the existence of some local law making such corporation, or foreign corporations generally, amenable to suit there, as a condition, express or implied, of doing business in the state."

The facts are substantially the same as they were in Palmer v. Chicago Herald; 70 Fed. 886, and warrant the conclusion that the defendant does business within this state; and a local law making such corporations amenable to suit here is found in section 432 of the New York Code of Civil Procedure. It is true that the question whether or not the person served is a managing agent of defendant, within the terms of that section, is not presented in this case in the same way in which it was presented in Palmer v. Chicago Herald, although the facts are practically the same. In the Chicago Herald Case the action was begun in the state court, and removed into this court under special appearance, in order to have the service of the summons set aside by this court, although upon the same facts that very relief had been refused by the state court. When this court, therefore, was satisfied that the corporation really did business here, and had thus assented to the state regulation as to service of process, it followed the state court's finding that those facts supported the conclusion that the person served was a "managing agent," within the meaning of the state statute. The case at bar, however, has not been removed from the state; it was commenced here; and in determining whether Van Doren, the person served, was or was not a managing agent, this court is confronted with no adjudication of the state court made in the same action, and on the same facts. Nevertheless, full consideration should be given to decisions of the state court construing the state statute. An examination of the opinion of the supreme court (general term, First department) in Palmer v. Chicago Evening Post, 85 Hun, 403, 32 N. Y. Supp. 992, and of the authorities therein cited, leads to the conclusion that service upon Van Doren was sufficient to hold the defendant. No sufficient reason for giving the statute a different construction is suggested, and the motion is therefore denied.

### On Rehearing.

(October 29, 1897.)

Upon reargument defendant contends that, in the former decision upon the motion to set aside process, this court failed to take account of section 432 of the Code of Civil Procedure, which provides that service of process upon a foreign corporation can be effected by service

upon a resident managing agent only when the corporation has prop erty within this state, or the cause of action arose within the state. The cause of action in the cases at bar did not arise within this state, nor is this court satisfied that the defendant has property here. The plaintiff, however, contends that the section above cited does not apply where the question is as to the sufficiency of service of process of the federal court. The court is inclined to hold with the defendant upon this point. The question is by no means free from doubt, but it is one which had better be finally decided before the time of the court and jury is consumed by taking testimony upon the merits, rather than afterwards, especially as, from orders to show cause recently submitted, it appears that there are a dozen or more of similar actions against newspapers located in several different states. The motion to set aside service of the summons is granted.