# DAVID BERG INDUSTRIAL ALCOHOL COMPANY

*v.*

# SUGAR PRODUCTS COMPANY.

San Juan, Law, No. 1145.

ATTACHMENT IN FEDERAL COURT.

Jurisdiction—Persons.

1. Jurisdiction is the right of a court to hear and determine a suit, and depends upon the two questions of subject-matter and persons. Jurisdiction of the person may be obtained by consent, but not jurisdiction of subject-matter. In the Federal courts jurisdiction attaches upon services of process.

NOTE.—On validity of service upon nonresident officer of foreign corporation while in state in connection with transaction to which the action relates, see note in 43 L.R.A. (N.S.) 1015.

Berg Industrial Alcohol Co. v. Sugar Products Co.

Same—Federal Courts.

2. Besides person and matter, jurisdiction in the Federal court is limited by the Constitution. A state court has jurisdiction over all property within the state limits, including that owned by non-residents, provided there has been proper notice by publication.

Federal Practice—Local Law.

3. In common-law causes, remedies similar to the local remedies prevail in Federal courts, which may adopt state laws of practice. A local law as to advertisement for service of persons cannot extend to causes of action arising in other states.

Same—Attachment—Porto Rico.

4. The local law of Porto Rico as to attachment or embargo is adopted in the Federal district court, with a provision requiring personal service of summons and publication as to absent defendant.

Same—Not Incorporated.

5. Porto Rico is a territory of the United States unincorporated into the Union, and the Federal court is in one sense a territorial court in that it exercises jurisdiction in a territory. But its jurisdiction is entirely different from territorial courts under Revised Statutes, and in judicial matters its Federal court is to be treated on the same basis as a Federal court of the American Union. Everything is analogous to Federal courts in the states. This court has been organized by Congress under the territorial power but on the principles set out in connection with judicial power.

Same—Personal Service.

6. Where the law provides that the service of a designated public official shall be the service of a registered corporation, this nevertheless is not personal service.

Same—Personal Service.

7. For purposes of service it must appear that the corporation is carrying on business in the district, that this business is managed by some agent of the corporation, and the existence of some local law making the corporation liable to suit as a condition of doing business. Service of such an agent in charge of the business is personal service.

Jurisdiction—Removal.

8. Where a suit is begun originally in the Federal court on account of diversity of citizenship, it should generally be held valid where it would have been valid if begun in a local court and re-

Berg Industrial Alcohol Co. v. Sugar Products Co.

moved; but even in such case a judgment entered on service by publication will be enforced only against the property attached.

Opinion filed July 1, 1918.

———

*Mr. O. B. Frazer* for plaintiff.

*Messrs. Geo. D. Graves* and *J. H. Brown* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a suit commenced May 7, 1918, by the filing of a complaint. On the same day an order of attachment was made, bond fixed, and served in due course. No return of service of the defendant or his agent has been made. On May 11 a demurrer was filed and on May 17 a motion to quash summons because the parties are nonresidents, and also to quash service of summons upon the firm of Sobrinos de Ezquiaga as agents of the defendant. The matter was argued and submitted on May 20. Because of the amount involved and of the jurisdictional questions raised the matter must be considered in detail.

1. It is generally stated that jurisdiction, that is to say, the right of the court to hear and determine a suit, depends upon the two questions of subject-matter and person. Bruce v. Strickland, 47 Ala. 192; Goodman v. Winter, 64 Ala. 410, 411, 38 Am. Rep. 13. Jurisdiction of a person may be obtained by consent and defects may be waived, but this not true of lack of jurisdiction of the subject-matter. Burns v. Henry, 67 Ala. 209, 210; Morgan v. Farned, 83 Ala. 367, 3 So. 798. In the Federal court jurisdiction attaches upon service of process, not

by the filing of the bill. Central Trust Co. v. Ohio C. R. Co. 20 Fed. 10; United States v. American Lumber Co. 29 C. C. A. 431, 56 U. S. App. 655, 85 Fed. 827. In Federal courts appearance may be made solely to question the jurisdiction without otherwise submitting to the jurisdiction of the court. Big Vein Coal Co. v. Read, 229 U. S. 38, 57 L. ed. 1055, 33 Sup. Ct. Rep. 694 and citations.

2. In a court of general jurisdiction there are therefore the two elements of person and subject-matter to be considered. This applies fully to state courts. Federal courts, however, are established by virtue of the Constitution of the United States, which is a grant of powers, specific and implied, and acts of Congress passed in pursuance thereof. There are therefore special matters of jurisdiction connected with the organization of the court itself which have to be taken into account. Of course this is measurably true of state courts, because they are also established by law, but under the division of powers between state and nation the jurisdiction of Federal courts is more limited than that of state courts. Under the Federal Constitution the judicial power extends to certain specific subjects which are exclusively in Federal courts, and also to cases in law and equity "between citizens of different states." Congress has not seen proper to use this power to its full limit. There are certain limitations connected with attachment of property of nonresidents which have received special attention. The general rule is that the state, and of course state courts, has jurisdiction of all property within state limits, and this has been made by legislation to include the attachment of property within the state, although owned by nonresidents. Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565. Under this, while a state

court obtains jurisdiction by levy of attachment upon property within state jurisdiction, it has to be accompanied by adequate publication against the nonresident, and the judgment must be limited to the satisfaction pro tanto under condemnation of the property in question. In other words, upon the attachment of $1,000 worth of property there cannot be a judgment entered for $10,000 of debt against a nonresident.

3. Federal practice, pleadings, and forms and modes of procedure in civil causes shall conform as near as may be to those existing at the time in like causes in courts of record of the state. Rev. Stat. § 914, Comp. Stat. 1916, § 1537. In particular it is provided as to attachments by Rev. Stat. § 915, as follows: In common-law causes in the circuit and district courts the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the laws of the state in which such court is held for the courts thereof; and such circuit or district courts may, from time to time, by general rules, adopt such state laws as may be in force in the states where they are held in relation to attachments and other process: Provided, That similar preliminary affidavits or proofs, and similar security, as required by such state laws, shall be first furnished by the party seeking such attachment or other remedy.

The Supreme Court by Rev. Stat. § 917, is given the power to regulate the practice of Federal courts, and the district courts may under Rev. Stat. § 918 "regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings."

In Simon v. Southern R. Co. it is declared that jurisdiction of Federal courts cannot be lessened or increased by state stat-

Berg Industrial Alcohol Co. v. Sugar Products Co.

utes regulating venue or establishing rules of procedure. State statutes may require foreign corporations to designate agents for service, but these cannot extend to causes of action arising in other states, and as a result such service only "relates to business and transactions within the jurisdiction of the state enacting the law. Otherwise claims on contracts, wherever made, and suits for torts wherever committed, might by virtue of such compulsory statute be drawn to the jurisdiction of any state in which the foreign corporation might at any time be carrying on business." 236 U. S. 115–130, 59 L. ed. 492–500, 35 Sup. Ct. Rep. 255. Hence the importance of the principle laid down in Old Wayne Mut. Life Asso. v. McDonough, that the statutory consent of a foreign corporation to be sued does not extend to causes of action arising in other states. 204 U. S. 8, 22, 51 L. ed. 345, 351, 27 Sup. Ct. Rep. 236.

4. The local statute of Porto Rico, of March 1, 1902, under which this court is acting in the present case, provides that after the filing of a complaint in any case embargo may be laid by order of court for the protection of the prospective judgment. Compilation of P. R. Codes 1911, p. 849. And rules 25 and 27 of this court are designed to carry out these principles and are as follows:

"25. In all civil actions, other than equity, admiralty or bankruptcy, the pleadings and procedure, unless otherwise provided by law, shall conform as near as may be to the pleadings and procedure in the courts of Porto Rico as the same shall exist at the time in question; Provided, however, That no equitable relief or defense shall be entertained in an action at law." [6 Porto Rico Fed. Rep. XLVI].

"27. Process of attachment shall not issue against the prop-

Berg Industrial Alcohol Co. v. Sugar Products Co.

erty of any defendant who is not personally served with summons in this district. But if the object of the suit be to enforce or remove a right in or to specific real property owned or claimed by a defendant, attachment may issue against any property of such defendant in the same manner as attachments are authorized by the local law; Provided, however, That in the case of an absent defendant service may be obtained upon him by publication in the manner provided by the act of Congress."

It will be observed that attachment shall not issue unless the defendant is personally served or is brought in by publication in the manner prescribed by act of Congress. This raises several questions which must be settled in order to determine the present issue. One is, Is the relation of this court to the local courts the same as that of a Federal court to a state court? Again, when is a defendant to be considered as served personally? And do these rules require service before attachment?

5. The condition of Porto Rico as territory of the United States, or, as it is sometimes expressed, a territory unincorporated in the United States, brings up many questions which cannot always be solved by precedent; for precedents connected with a territory which is definitely incorporated into the Union, and therefore on the way to statehood, may not be applicable to a community even of American citizens which technically at least have not been declared by Congress to be on the way to incorporation as a state. Nevertheless by declaring the Porto Ricans to be American citizens it must be taken that the policy of the United States is to Americanize Porto Rico, that.is, to assimilate it gradually to American institutions. This case and all cases must be decided upon that theory. It is true that a result is that this Federal court stands in a somewhat different

Berg Industrial Alcohol Co. v. Sugar Products Co.

position from the Federal courts in the states themselves; for, while its powers come through Congress, as the powers of all courts below the Supreme Court must be held under the Constitution to come from the legislative branch, nevertheless this court has been held by an awkward expression not to be a "constitutional court," that is to say, not defined in the Constitution. Romeu v. Todd, 206 U. S. 358, 51 L. ed. 1093, 27 Sup. Ct. Rep. 724. It is in point of fact as much defined in the Constitution as any other Federal court except the Supreme Court, whether its powers are conferred by Congress under the judicial sections or under the territorial sections of the constitution. In one sense this court is a territorial court in that it exercises Federal jurisdiction in a territory, but this appellation would be misleading because the courts which bear that name in the Revised Statutes, §§ 1864–1868, Comp. Stat. 1916, §§ 3454–3457, have both local and Federal jurisdiction and exist only in territories incorporated into the Union. The powers of this court are very similar to those of the Federal court of Hawaii (31 Stat. at L. 141, § 86, chap. 339, Comp. Stat. 1916, § 1223), the two acts being passed within a few days of each other and to be construed with reference to each other. The historical fact is that the differentiation of local and Federal judicial functions began when Orleans, that is to say, southern Louisiana, was made a territory, March 26, 1804. 2 Stat. at L. 285, chap. 38. This policy was not adopted in regard to Alaska, but was continued as to Hawaii, the main difference between the Federal court in Hawaii and the Federal court in Porto Rico being that Hawaii has been declared incorporated into the Union and Porto Rico has not. The Foraker Act of April 12, 1900, § 31 (31 Stat. at L. 77, chap. 191, Comp. Stat.

Berg Industrial Alcohol Co. v. Sugar Products Co.

1916, § 3780), and now the Jones Act of March 2, 1917, § 42, provide that "removal of causes and other matters or proceedings as between the courts of the United States and the courts of the several states, shall govern in such matters and proceedings as between the district court of the United States and the courts of Porto Rico." 39 Stat. at L. 951, 966, chap. 145, Comp. Stat. ——, § 3083r. The evident intent of Congress is to provide that in judicial matters Porto Rico is to be treated on the same basis as a state of the American Union. This is an entire departure from the old theory of courts in the territories, and is probably based upon the distance of Porto Rico as well as Hawaii from the mainland, creating conditions even more appropriate for this purpose than the situation of Louisiana in 1804. The correlative is also true, that the Federal court of Porto Rico is sui generis. Its jurisdiction, procedure, practice, and everything else about it are entirely analogous to the Federal courts in the states and entirely different from the local courts of Porto Rico and from the principle of local courts everywhere. It is not perceived that so far as judicial power is concerned there is any difference whatever between the Federal district court in Porto Rico and the Federal district court in any state of the Union, except that in some respects the Federal court of Porto Rico has greater powers. Garrozi v. Dastas, 204 U. S. 73, 51 L. ed. 376, 27 Sup. Ct. Rep. 224; Royal Ins. Co. v. Martin, 192 U. S. 149, 48 L. ed. 385, 24 Sup. Ct. Rep. 247.

Congress has organized this court under the territorial power, but has necessarily done so on the same principles that are set out in connection with the judicial power. It may be doubted whether Congress could have acted otherwise, but at all events it has not acted otherwise.

6. There seems to be no reason, therefore, why the principles applied and applicable to other Federal courts should not be enforced in the suit at bar. Attachment here, as in any other Federal court, is incident to the suit, and, even supposing the court has jurisdiction of the subject-matter, cannot stand if the defendant could not be personally served. Big Vein Coal Co. v. Read, 229 U. S. 31, 57 L. ed. 1053, 33 Sup. Ct. Rep. 694. This principle was briefly but clearly stated by Chief Justice Waite in Ex parte Des Moines & M. R. Co. 103 U. S. 794, 26 L. ed. 461, which came up under § 739 of the Revised Statutes, Comp. Stat. 1916, § 1033. Omitting provisions as to equitable suits to enforce liens and the like, that section is as follows: ". . . except in the said cases and the cases provided by the preceding section, no civil suit shall be brought before either of said courts against an inhabitant of the United States by any original process, in any other district than that of which he is an inhabitant or in which he is found at the time of serving the writ."

The defendant herein is not an inhabitant of this district, and so the question is whether he is to be considered as herein "found at the time of serving the writ," which is sometimes expressed as being "personally served." The contention of the defendant on its special appearance in the case at bar is that it is a citizen of Pennsylvania, and the contract upon which it is sued and upon which the attachment is sued out is one to be performed in Pennsylvania. The correspondence annexed to the motion is not always clear as to where the molasses contracted for is to be delivered, but at least it is clear that it is not to be delivered in Porto Rico. In a case specially relied upon by the defendant it was held that under such circum-

stances service of a complaint upon the secretary of state of Louisiana, in accordance with statute, was not personal service so as to bring defendant into court for the purposes of trying a damage suit originating in other state. Simon v. Southern R. Co. 236 U. S. 115, 59 L. ed. 492, 35 Sup. Ct. Rep. 255 The principle may go further than the facts of that case, but at least the case at bar is not analogous as to service. There is no service here of the secretary of state or the equivalent official in Porto Rico. The service actually had was upon the agent of the company, and the allegation, undisputed so far, is that the defendant company is doing business in Porto Rico.

It has also been held on an appeal from this court that where a succession is involved attachment does not lie against an individual heir, and vice versa. Laborde v. Ubarri, 214 U. S. 173, 53 L. ed. 955, 29 Sup. Ct. Rep. 552. The question, therefore, is whether service of an agent is personal service under Rev. Stat. § 739, Comp. Stat. 1916, § 1033.

7. What is the meaning of personal service, or in the case of a corporation, what must concur to give Federal courts jurisdiction in personam? Service upon the president of the corporation when temporarily within the district is not sufficient. Goldey v. Morning News, 156 U. S. 518, 39 L. ed. 517, 15 Sup. Ct. Rep. 559. The elements of service are said to be as follows: "(1) It must appear as a matter of fact that the corporation is carrying on its business in the state where it is served with process; (2) that such business is transacted or managed by some agent or officer appointed by and representing the corporation in such state; and (3) the existence of some local law making such corporation, or foreign corporations generally, amenable to suit there, as a condition, express or implied, of doing

business in the state." Union Associated Press v. Times Printing Co. 83 Fed. 822, 823. Personal service, then, includes service upon an agent, and it is res judicata in this court that an agent in charge of the business is sufficient for the purposes of service. Bigelow v. Porto Rico Planters Co. 7 Porto Rico Fed. Rep. 349; Nevers v. Central Altagracia, 3 Porto Rico Fed. Rep. 496. Personal is to be distinguished not from service of agent, but from what is called substituted or constructive service, that is to say, usually service by publication. Bouvier's Law Dict. s. v. substituted service. The effect of substituted service or publication, however, need not now be considered, as it is not yet in the case.

8. It has been held that a Federal court takes an attachment case on removal from a state court in the condition in which it finds it, and that if there has been a service of attachment good under the local statute it will remain good in the Federal court and will be enforced. Clark v. Wells, 203 U. S. 164, 51 L. ed. 138, 27 Sup. Ct. Rep. 43. The present is not a case of removal but of an original suit, but the principle throws light upon the case at bar. Except so far as the nature of the courts require it, it would not be well to construe proceedings begun in the United States court under a local statute to be invalid which have been valid if begun under the same statute in the local court. This suit if removed from a local court would be valid. It is true that even in such case a judgment entered on service for publication can be enforced only against the property attached; and where a final judgment is entered it will be held to be modified and made collectable only from the attached property, and will not, no matter what its phraseology, be considered as a personal judgment absolute in terms. It would

Berg Industrial Alcohol Co. v. Sugar Products Co.

seem to follow that the service obtained in this case is a personal service and binds the defendant to the extent of the property attached. The court, therefore, has jurisdiction to that extent and the case will proceed accordingly.

The result, therefore, is that the motion to quash summons and service is denied, the motion to quash writ of attachment and levy is denied, and that the demurrer alleging lack of jurisdiction of this court is overruled.

It is so ordered.